UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bental & Company, LLC,                  Case No. 3:15-cv-01833

        Plaintiff

   v.                                        MEMORANDUM OPINION

Schraubenwerk Zerbst GMBH,

        Defendant

## I. INTRODUCTION

Defendant Schraubenwerk Zerbst GmbH ("SZ") filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, on *forum non conveniens* grounds. (Doc. No. 10). Plaintiff Bental & Company, LLC has opposed (Doc. No. 13). Defendant has replied. (Doc. No. 16). For the reasons stated below, Defendant's motion to dismiss is granted and its alternative argument for dismissal on *forum non conveniens* grounds rendered moot.

## II. BACKGROUND

Plaintiff entered into an agreement with German limited-liability entity, Defendant SZ, to serve as its U.S. representative to the "NAFTA states." (Doc. No. 1 at 3). In relevant part, the agreement provides:

> 1. Bental shall with immediate effect act as representative of [SZ], in the NAFTA states (USA, Canada, Mexico)…
>
> ***
>
> 3. Bental shall perform market analyses, establish customer contacts, receive relevant client inquiries and subsequent projects, and forward them to [SZ]; and it shall furthermore, until a contractual agreement is reached, administer the projects.
>
> ***

5. [SZ] will pay Bental a performance-based commission on 5% after conclusion of each quarter of the calendar year. Because no commissionable projects exist at the time of this agreement, [SZ] shall pay Bental monthly a retainer of 1,000.00 US Dollars…

\*\*\*

8. In the event of termination of this agreement, Bental is entitled to commission payments for the worked-on projects, provided that they lead to a contract within 24 months from the termination date of the agreement.

(Doc. No. 1-1 at 2-3).

Defendant terminated the parties' agreement five years later. Plaintiff's cause of action against SZ alleges breach of contract and violations of the Illinois Sales Representative Act and the Ohio Sales Commission statute for commissions on "all sales of Defendant's products utilized in the NAFTA states." (Doc. No. 1 at ¶ 24). SZ filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, on *forum non conveniens* grounds. (Doc. No. 10). The parties do not dispute that this is not a case of general jurisdiction. I will therefore analyze SZ's motion from the perspective of whether this Court has specific jurisdiction over Defendant SZ exclusively.

### III. STANDARD

The Sixth Circuit finds personal jurisdiction over a non-resident defendant where (1) the law of the sitting state authorizes jurisdiction, and (2) exercising jurisdiction comports with the requirements of federal due process. *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006) (citing *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996)). "'Ohio's long-arm statute is not coterminous with federal constitutional limits.'" *Schneider v. Hardesty*, 669 F.3d 693, 699 (6th Cir. 2012) (quoting *Estate of Thompson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008)). Thus, "'separate discussions of whether the defendant is amenable to suit under Ohio's long-arm statute and whether due process requirements of the Constitution are met'"

is required.  *Estate of Thompson ex rel. Estate of Rakestraw*, 545 F.3d at 361 (quoting *Walker v. Concoby*, 79 F.Supp.2d 827, 831 (N.D. Ohio 1999)).

"The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." *Schneider*, 441 F.3d at 697 (quoting *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)).  When a motion to dismiss for lack of personal jurisdiction is made without conducting an evidentiary hearing, as here, "'the court must consider the pleadings and affidavits in a light most favorable to the [nonmoving party].'"  *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir. 2014) (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996)).  To defeat the motion, "'[plaintiff] need only make a prima facie showing of jurisdiction.'"  *Id.*

### IV.  ANALYSIS

1.  <u>Ohio's Long-Arm Statute</u>

"Ohio's long-arm statute grants Ohio courts personal jurisdiction over a non-resident if [its] conduct falls within the nine bases for jurisdiction listed by the statute." *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012) (citing Ohio Rev. Code § 2307.382(A)).  "'When jurisdiction over a person is based solely upon this section, only a cause of action arising from acts enumerated in this section may be asserted against' the non-resident defendant."  *Id.* (quoting Ohio Rev. Code § 2307.382(C)).  Further, "the Ohio long-arm statue requires a 'proximate cause' relationship between the defendant's act and the plaintiff's cause of action. A mere 'but-for' connection is insufficient." *Carr v. Wyndham WorldWide*, No. 1:14CV381, 2015 WL 1276444, at *1 (S.D. Ohio 2015) (quoting *Brunner*, 441 F.3d at 465-66)) (internal citation omitted); *see Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 Fed.Appx. 433, 2006 WL 2440849, at *7, 2006 Fed.App. 0621N (finding "[non-resident defendant's] contact cannot serve as the nexus for [the plaintiff's] assertion of jurisdiction because it is not proximately related to [plaintiff's] injuries"); *cf. Lexon Ins. Co. v. Devinshire Land Dev., LLC*, 573 F.

App'x 427, 430 (6th Cir. 2014) (unpublished) (finding non-resident defendant's procurement of bonds in Ohio was a proximate cause of plaintiff's failure-to-pay-bond-premiums injury).

The Northern District of Ohio granted the defendant's motion to dismiss for lack of personal jurisdiction because "[plaintiff] [] failed to demonstrate… that Ohio's long-arm statute confers jurisdiction." *Pay(q)r, LLC v. Sibble*, No. 5:15CV1038, 2015 WL 9583034, at *3 (N.D. Ohio 2015) (Pearson, J.). Specifically, it held "even [plaintiff] could establish [the non-resident defendants] were transacting business in Ohio, [plaintiff] would fail to establish the *prima facie* case for jurisdiction because it has not shown that its causes of action 'arise from' [the alleged contact]." *Id.* at *5 (quoting Ohio Rev. Code § 2307.382(C)); s*ee also Brunner*, 441 F.3d at 467 (finding personal jurisdiction under Ohio's long-arm statute lacking because "the connection between [the non-resident defendant's] contacts with Ohio and the injuries that give rise to the complaints [] is simply too tenuous to sustain personal jurisdiction against [the non-resident defendants]").

Plaintiff argues "SZ has transacted a substantial amount of business within the meaning of Ohio Rev. Code Ann. § 2307.382(A)(1)… [and] (B)." (Doc. No. 13 at 7, 11). SZ opposes Bental's argument, stating "Plaintiff's causes of action related to the breach of the German 'Agreement' do not arise from any of the acts enumerated in subsection (A)(1) through (A)(9), or (B), and therefore, personal jurisdiction does not exist under the long-arm statute." (Doc. No. 16 at 2). I agree.

Plaintiff does not demonstrate SZ's contacts with Ohio, either directly or through Bental as its alleged agent, give rise to its cause of action for failure to pay commissions. Bental argues its efforts and assistance in Ohio on behalf of SZ were "in direct relation to, and in furtherance of, SZ's sales in the U.S.…" and "in furtherance of Bental's responsibilities under the parties' agreement, and for SZ to be able to transact business in the U.S." (Doc. No. 13 at 8-9), but fails to show: (1) its activities were commissionable under the parties' contract, and (2), if so, that its cause of action "arises from" those activities as required per Ohio Revised Code § 2307.382(C). Thus, Plaintiff fails

4

to establish a prima facie showing that this Court has jurisdiction under Ohio's long-arm statute because, even if I found SZ transacted business in Ohio, it does not show its causes of action "arise from" those contacts.  *See Rice v. Comm'r of Soc. Sec.*, 169 Fed.Appx. 454, 2006 WL 463859, at *2, 2006 Fed. App. 0155N (quoting *United States v. Layne*, 192 F.3d 566, 566 (6th Cir. 1999) ("[i]t is well established that 'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived'").

2. Due Process

I find Plaintiff failed to present a prima facie showing that this Court has personal jurisdiction pursuant to Ohio's long-arm statute, Ohio Revised Code § 2307.382.  Whether this Court's exercise of jurisdiction would offend the limitations of federal due process requirements is, therefore, nugatory.  *See Brunner*, 441 F.3d at 467.

V. CONCLUSION

For the foregoing reasons, Defendant SZ's motion to dismiss for lack of personal jurisdiction is granted and its alternative argument for dismissal on *forum non conveniens* grounds rendered moot.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 423, 127 S. Ct. 1184, 1186, 167 L. Ed. 2d 15 (2007) (internal citations omitted) ("Although a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction… there is no mandatory sequencing of nonmerits issues.  A court has leeway to 'choose among threshold grounds for denying audience to a case on the merits'").

So ordered.

s/ Jeffrey J. Helmick
United States District Judge